*Errors assigned* were (1) offer of evidence, quoting offer as above ; and (2) the portion of the charge quoted above.

*James Fitzsimmons,* of *Fitzsimmons & Robb,* for appellant.

*Lewis McMullen,* for appellee.

PER CURIAM, January 4, 1892.

This record is free from error. The offer of evidence referred to in the first specification was properly rejected. The suit before the alderman was for a different cause of action. The one was for the beer sold and delivered, the other was for the empty barrels. The attempt to use the record of the alderman as a bar to this suit was evidently an afterthought, as no reference was made to it in the affidavit of defence. Judgment affirmed.

## Foster, Appellant, *v.* Carson and Wife.

*Judgment—Opening of—Scire facias sur mortgage.*

The Supreme Court will not review an order of the common pleas opening a judgment entered in default of an affidavit of defence, where the defendant avers in her petition that she was prevented by illness from appearing; that she never received notice of the assignment of the mortgage to the plaintiff, that she had paid nearly the whole of the amount of the mortgage to the plaintiff's assignor, and that only a small balance remained for which she tendered judgment.

Argued Nov. 10, 1891. Appeal, No. 269, Oct. T., 1891, by plaintiff, from order of C. P. No. 1, Allegheny Co., Dec. T., 1890, No. 853, opening a judgment entered in default of an affidavit of defence. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS and MITCHELL, JJ.

On December 17, 1890, William Foster entered judgment against Robert J. Carson and Agnes J. Carson, his wife, on a scire facias sur mortgage in default of an affidavit of defence.

On December 20, 1890, Agnes J. Carson presented a petition for a rule to open the judgment averring that she was sixty-three years of age and in poor health, and had deferred filing her affidavit of defence until the weather would permit her to go out with safety to her health, and that she was ignorant of the necessity of filing an affidavit of defence at once. In an

affidavit of defence filed with the petition and made part of it, the petitioner further averred that the mortgage in suit for $1,500 had been given by her to Mary Speelman, who had assigned it to A. C. Jerrett; that she had paid Jerrett $1,300, leaving a balance due of $200 on account of the principal, that she had no notice of the assignment from Jerrett to the plaintiff. The petitioner tendered judgment for the $200 due on account of the principal and also for the interest due.

The court granted the rule which it subsequently made absolute. Plaintiff appealed.

*Error assigned*, was the order of the court making the rule absolute.

*W. K. Jennings*, with him *W. S. Thomas*, for appellant.

*L. L. Davis*, for appellees.

PER CURIAM, January 4, 1892.

The order of the court below opening the judgment is affirmed.

## McKnight *v.* Nichols, Appellant.

Where a horse is warranted sound and kind, and the purchaser after using it one day, returns it to the vendor on the ground that it is not kind, and the horse shortly afterwards dies from founder it is proper for the court to charge the jury in an action for a return of the purchase money, that, if the purchaser " used the horse in the ordinary and proper way, and he returned it because it was not kind, and as a matter of fact it was not kind, he can recover."

Argued Jan. 6, 1892. Appeal, No. 284, Jan. T., 1891, by defendant from judgment of C. P. No. 4, Philadelphia Co., June T., 1889, No. 817, on verdict for plaintiff. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, MCCOLLUM, MITCHELL and HEYDRICK, JJ.

Assumpsit by D. H. McKnight, against D. P. S. Nichols, to recover $139, the price paid by defendant for a horse. At the trial it appeared that the contract warranted the horse to be sound and kind, and gave the plaintiff the privilege of returning the horse within two days if it was not as warranted. The plaintiff used the horse in his business of selling cakes and