# W. B. & W. S. Lane *v.* Charles M. Nelson, Appellant.

*Landlord and tenant—Lease—Rent—Termination of lease.*

A surrender of demised premises by the tenant during the term, in order to be effectual so as to release him from liability for rent, must be accepted by the lessor, and the burden of proof is on the lessee. An acceptance cannot be implied from the fact that the landlord placed the premises in the hands of an agent to rent, and caused a rent notice to be put upon them, and notified the tenant that he would endeavor to re-rent the premises, and the tenant, if he desired, could aid in procuring a proper tenant.

*Lease—Construction of lease—Termination of tenancy.*

A lease which was partly in writing and partly in print contained a written clause that the tenant should pay rent monthly in advance " so long as he shall occupy the said house and lot of ground." The lease was for the term of one year from a certain day mentioned. The words " one year" were written. A printed clause provided that either party might determine the lease by giving the other notice thereof, " at least three months prior thereto." *Held,* (1) that the lease was for the term of one year, and that the lessee had no option to terminate it sooner by simply removing from the premises; (2) that the parties had in view a possible continuance of the lease beyond the term specified in the habendum, and intended to provide that the lessee should pay the same rent, in the same way, so long as he should continue to be the tenant of the premises.

Argued April 15, 1895. Appeal, No. 39, Jan. T., 1895, by defendant, from judgment of C. P. Luzerne Co., May T., 1892, No. 110, in favor of plaintiff on trial by court without a jury. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, and MITCHELL, JJ. Affirmed.

Assumpsit for rent, tried by RICE, P. J., without a jury.

RICE, P. J., filed the following opinion :

" This action was brought to recover a balance of rent alleged to be due under a certain lease hereafter referred to. The case was tried by the court without a jury. The following are our findings of fact and conclusions of law :

" I. The terms and covenants of the lease in question, so far as they are material here, are as follows: ' This agreement witnesseth that *I Samuel L. White, agt. for W. S. & W. B. Lane, No.* 719 *Walnut St., City of Philadelphia,* do hereby let

unto *Charles M. Nelson house and lot of ground situated at No. 2210 N. 17th St., 28th Ward, City of Philadelphia and State of Pennsylvania,* for the term of *one year* from the *ninth* day of *October,* A. D. one thousand eight hundred and *ninety* at the rent of *thirty-three dollars per month the same* to be paid *monthly in advance on the ninth day of each month, so long as he shall occupy the said house and lot of ground,* the *first* payment thereof to be made on the *ninth* day of *October* Anno Domini, 1890, and the said lessee do*th* hereby agree to pay said rent to the lessor on the day and time aforesaid' . . . . The defendant further covenanted to keep the premises in good condition ' during said term,' and 'at the termination of said term' to deliver the same in as good condition as they now are. The lease also contained the following agreement: ' And it is hereby mutually agreed, that either party hereto may determine this lease at the end of said term, by giving the other notice thereof, at least *three months* prior thereto, but in default of such notice, this lease shall continue upon the same terms and conditions as are herein contained, for a further period of *one year* and so on from year to year unless or until terminated by either party hereto giving to the other *three months* notice for removal previous to the expiration of the then current term. Provided however that if the lessor shall have given *three months* notice previous to the expiration of said term, or any extension or renewal thereof as above, of *his* intention to change the terms and conditions of this lease, and the lessee shall hold over after such notice, he shall be considered lessee under the terms and conditions mentioned in such notice, for such further period as he may remain in possession of said premises, and until this lease is terminated by notice as hereinbefore provided.'

" The lease was duly executed by the defendant, and by Samuel L. White, the plaintiffs' agent. We have underscored the written portions of the extracts above quoted, the major portions of the lease being printed.

" II. The defendant occupied the premises, under the lease, from Oct. 9, 1890, until some time in February, 1891, and paid five months' rent as it came due. On the last mentioned date he removed from the premises and gave the key to a neighbor for delivery to the plaintiffs' agent. Prior to removal he did

not notify the plaintiffs of his intention to remove, or to terminate the lease, and has not since paid any rent accruing thereunder.

" III. Shortly after his removal as aforesaid the plaintiffs notified the defendant, that he would be held for the rents for the remainder of the year unless or until the premises could be re-rented, that they would endeavor to re-rent them as soon as it could be done, and that, if he desired, he could aid in procuring a proper tenant. They put the premises in the hands of an agent to rent the same, and caused a rent notice to be put thereon, but did not succeed in procuring a tenant during the year. The plaintiffs did not take possession except in the manner above stated, and, so far as appears, did nothing to indicate that they accepted a surrender of the lease.

" A surrender of demised premises by the tenant during the term, in order to be effectual, so as to release him from liability for the rent, must be accepted by the lessor, and the burden of proof is on the lessee. It is well settled that acceptance cannot be implied from such acts of the lessor as have been shown here. They are in the interest, and for the benefit, of the tenant, and do not discharge him from his covenant to pay the rent : Pier v. Carr, 69 Pa. 326 ; Breuckmann v. Twibill, 89 Pa. 58 ; Auer v. Penn, 99 Pa. 370 ; Teller v. Boyle, 132 Pa. 56.

" The decision of the only serious question in the case depends on the construction of the words, 'so long as he shall occupy the said house and lot of ground.' The defendant urges that the lease was made for one year to avoid uncertainty—to mark the extreme limit of the term—but these words imply that it was subject to determination on a collateral event, to wit, the tenant ceasing to occupy the premises. In other words, the lease was for a term of one year, but the lessee had the option to terminate it sooner, by simply removing from the premises, and without notice to the landlord, and was only liable for the rent during the time he actually lived upon or used them. In deeds, as in wills, the intention of the parties is to be taken as the cardinal rule of construction, and, if this was the intention of the parties, it must control. But inasmuch as the lease contains all the requisites of a valid lease for years, including a term with a certain beginning and ending granted by the lessor to the lessee, and as the right of the tenant to

terminate it at his will is not given in express terms, but depends, at best, on implication, it will be necessary to examine the instrument as a whole before adopting the defendant's interpretation. 'The intention of the parties is to be ascertained from the entire instrument, not from particular words or phrases without reference to the context, and the instrument shall operate according to the intention unless it be contrary to law:' Berridge v. Glassey, 112 Pa. 455. A deed must be so construed, if possible, that no part shall be rejected: Tyler v. Moore, 42 Pa. 387; Watters v. Bredin, 70 Pa. 238. 'The object of all constructions is to ascertain the intent of the parties, and it must have been their intent to have some meaning to every part. It never could be a man's intent to contradict himself, therefore we should lean to such a construction as reconciles the different parts, and reject a construction which leads to a contradiction.'—TILGHMAN, C. J., in Wager v. Wager, 1 S. & R. 374. Having these well understood principles in view, we think the covenant as to notice must have an important bearing on the interpretation of the clause under consideration. In Pennsylvania the tenant is not required to give notice of his intention to quit at the end of any quarter, or month, or year, as the term may be: Cook v. Neilson, 10 Pa. 41; Brown v. Brightly, 14 W. N. C. 497. Whereas, if the landlord desires to regain the possession summarily at the end of the term he must give three months' notice. Undoubtedly one purpose of this covenant was to put the landlord and the tenant on equal footing, so that the former should know a reasonable time before the end of the year whether he must seek another tenant, and the tenant should know whether he must seek another habitation. But nothing could be more absurd than a covenant that if either party desired to terminate the lease at the end of the term he must give the other party three months' notice prior thereto, and that in default of such notice the lease should continue upon the same terms and conditions for another year, if the parties had supposed that they had already provided that the lessee could terminate the lease at any time, without notice of any kind. If he had a right to terminate it at any time during the term, a fortiori he had a right at the end of the term, and hence the covenant, so far as binding the lessee was concerned, was of no effect. This cannot be what the party intended.

" The rule of construction which attaches more relative importance to the written than to the printed part of a contract, is often a very useful one, and is recognized in many of our cases: Grandin v. Ins. Co., 107 Pa. 26; Haws v. Fire Ass'n, 114 Pa. 431; Duffield v. Hue, 129 Pa. 94. But neither this rule, nor the rule that every man's grant is to be taken most strongly against himself, relieves the court from the duty of reconciling the different parts of the contract if it can reasonably be done. And, where the interpretation and effect of the written portion are themselves in question, the other portions of the contract, although printed, cannot be disregarded. The lessee's option to terminate the lease at any time during the term by simply removing from the premises is not expressly given, it is sought to be implied from a written clause, which, even standing by itself, would not necessarily have that meaning, and therefore, in determining what the meaning of the parties was, it is proper to consider the agreement as to notice, and our duty to endeavor to reconcile and harmonize all the provisions of the lease. Furthermore, the agreement as to notice is not wholly printed, and the blanks are filled in writing in such a manner as to indicate that the parties understood its provisions.

" But, it is argued, that there is no other possible construction that will give meaning to the words ' the same to be paid monthly in advance so long as he shall occupy the said house and lot of ground,' except that which the defendant puts upon them. We are unable to assent to this. It seems to us that the parties had in view precisely what was provided for in the agreement as to notice, namely, a possible continuance of the lease beyond the term specified in the habendum, and intended to provide that the lessee should pay the same rent, in the same way, so long as he should continue to be the tenant of the premises. Such a provision might be unnecessary, but it was not absurd. The defendant construes the word ' occupy ' to mean actual use of the premises, as a residence or as a place to store his goods. It is by no means clear that, even giving to the word its most restricted meaning, the lessee did not occupy the premises during the whole year, for until the key was surrendered and handed to the landlord he could have returned: Carr v. Pier, 69 Pa. 326. If he had returned, would he not have been liable for the rent during the period of his absence ?

The tenant, though absent, is, speaking generally, the occupier of the premises, but a servant is not: Rex v. Poynder, 1 B. & C. 178. But, without putting the decision on the narrow ground that the defendant did not surrender the key, we remark that the meaning of the word suggested by the defendant is one but not the only meaning in which it is used. 'In the primary and most familiar sense of the word " occupy " it is the equivalent of the word "possess." It implies the conception of permanent tenure for a period of greater or less duration:' Lacy v. Green, 84 Pa. 520.

" Lord DENMAN said: ' The meaning of the word " occupies " may vary according to the occasion or the subject-matter. The meaning, therefore, which it has received in considering what occupation was necessary to constitute a mansion house in which burglary might be committed or to give a right of voting, or to make a party ratable to the relief of the poor, is no test of its meaning in this particular case:' Rex v. St. Nicholas, 5 B. & Adol. 227. That the meaning of the word may vary according to the occasion, the subject-matter, or the context is shown in a number of decided cases. Two of these, which have come to our attention, seem to be in point. Where in a conveyance from A to B there was reserved to A the right ' to live in, inhabit, dwell in and occupy the said cottage with the appurtenances as he heretofore has done and now does, for and during the term of his natural life,' it was held that an estate for life was reserved. KENYON, J., said: ' If this question had depended on the first words of the proviso I should have thought they would have been satisfied by determining that only a liberty to inhabit the cottage was given to A; but the word occupy carries the interest reserved still further and shows that the whole estate was intended to be reserved to him:' Rex v. Eatington, 4 T. R. 181. B guaranteed the payment of A's rent ' so long as said A shall occupy the premises.' It was held that the word occupy was used not simply in the narrower sense of actual or personal occupancy, ' but the larger sense of tenancy actually existing under the lease. Such use of the word is not uncommon:' Morrow v. Brody, 12 R. I. 131. We are of opinion that it was used in that sense in this lease, and therefore hold that the defendant is liable for the rent for the remainder of the term, namely, from March 9, 1891, until Oct. 9, 1891.

" The plaintiffs are entitled to judgment for the sum of two hundred and sixty-four and sixty-two one hundredths dollars ($264 62-100), the same being the amount of rent due and unpaid ($231) and interest on each month's installment from the time it was due until the present time.

" Now, Nov. 13, 1893, the prothonotary is directed to give notice to the parties or their attorneys of the filing of this decision, and, if no exceptions are filed within thirty days after service of such notice, to enter judgment in favor of the plaintiffs for the sum of two hundred and sixty-four and sixty-two one hundredths dollars, together with interest thereon from this date."

The defendant excepted to the following conclusions of law contained in the opinion of the court :

" 1. To the conclusion of the court that the meaning of the word ' occupy ' as written in the lease was not simply in the sense of actual or personal occupancy, but in the larger sense of tenancy actually existing under the lease.

" 2. To the conclusion of the court that the ' defendant is liable for the rent for the remainder of the term, viz., from March 9, 1891, until Oct. 9, 1891.'

" 3. To the conclusion of the court that the ' plaintiffs are entitled to judgment for the sum of two hundred sixty-four and sixty-two one hundredths dollars, the same being the amount of rent due and unpaid and interest on each month's installment from the time it was due until the present time.'

The court overruled the exceptions and entered judgment for plaintiff.

*Error assigned* was entry of judgment as above.

*J. B. Woodward, W. S. McLean* with him, for appellant, cited : Duffield v. Hue, 129 Pa. 94 ; Grandin v. Ins. Co., 107 Pa. 36 ; Taylor's Landlord and Tenant, secs. 75, 81 ; Com. v. Sheriff of Phila., 3 Brewster, 537 ; Chriswell v. Grumbling, 107 Pa. 409.

*John M. Garman* and *Theorus D. Garman,* for appellee, were not heard, but cited in their printed brief : Tyler v. Moore, 42 Pa. 387 ; Watters v. Bredin, 70 Pa. 238 ; Berridge v. Glassey, 112 Pa. 455 ; Wager v. Wager, 1 S. & R. 374 ; Morrow v. Brady, 12 R. I. 131 ; Pier v. Carr, 69 Pa. 326.

PER CURIAM, April 29, 1895:

The facts being agreed upon, the questions arising thereon were submitted to the court, and judgment was entered in favor of the plaintiffs. The record discloses no error. Little, if anything, can be added to what has been so well said by the learned president of the common pleas. On his clear and concise opinion we affirm the judgment.

Judgment affirmed.