# Benjamin Lipper *v.* Bouvé, Crawford & Company, a corporation, Appellant.

*Surrender of lease—Burden of proof as to acceptance.*

A surrender of demised premises by the tenant, in order to be effectual, so as to release him from liability for the rent, must be accepted by the lessor and the burden of proof is on the lessee.

*Landlord's duty as to leasing abandoned premises.*

A landlord is not bound in relief of his tenant to lease abandoned premises to any one who may apply; and he clearly is not bound to consider a proposition of a third person to rent them prior to and in anticipation of, the tenant's removal. Any efforts which he may make are in the interest and for the benefit of the tenant and do not, of themselves, discharge the tenant from his covenant to pay rent.

*Landlord and tenant—Exercise of option for additional term—Tenancy from year to year.*

A holding over by a tenant who has an option for an additional term is notice to his landlord of his election to exercise his privilege; the actual continuance of such occupation is the best and most conclusive evidence of the intention to continue.

A lease was for a year with an option of two years' renewal, and a provision for tenancy from year to year on three months' written notice. The tenant held over the first year, and toward the end of the second year gave three months' written notice of intention to terminate the lease. *Held,* That the option having been exercised the term became certain in duration, and that a tenancy from year to year would not arise before the expiration of the term.

Argued Oct. 21, 1897. Appeal, No. 45, Oct. T., 1897, by defendant, from judgment of C. P. No. 4, Phila. Co., June T., 1895, No. 599, in favor of plaintiff for want of a sufficient affidavit of defense. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY and PORTER, JJ. Affirmed.

Assumpsit to recover rent.

The material facts appear from the statement and affidavits of defense. The statement declared for rent due on a lease for the term of one year with the privilege of two years additional from December 1, 1892, the essential covenants of this lease being set out in the opinion of the court. The tenant after three months' written notice, vacated on November 30.

1894, claiming the lease to be one from year to year. The landlord having rented the premises for a portion of the year ending November 30, 1895, claimed for the difference in rent collected. The affidavit set up a surrender and legal right to surrender, but did not specifically aver an acceptance by the landlord. A supplemental affidavit averred that prior to November 30, 1894, a number of persons offered to rent the store for the same sum as that reserved in tenant's lease and upon being referred to the landlord he failed or refused to rent to them, and that subsequently after alterations made he rented for a higher rent.

Judgment for plaintiff for $547.61. Defendant appealed.

*Error assigned* was making absolute the rule for judgment for want of a sufficient affidavit of defense.

*Charles A. Chase,* for appellant.—The words "for the term of one year with privilege of two years additional" mean from year to year not exceeding three years; this construction was placed upon a similar clause by the Supreme Court in the case of Gillion v. Finley, 22 W. N. C. 124. That case is identical with the present case at bar.

In Magaw v. Lambert, 3 Pa. 444, it was held that where premises were destroyed by fire and the landlord entered to repair, if he did so without the tenant's consent, it was an eviction; if with the tenant's consent, it was a rescission of the lease, and in either case the rent is suspended.

It is submitted, therefore, that both the affidavit and the supplemental affidavit set forth a good defense.

*Benjamin Alexander,* for appellee.—This case is not ruled by the case of Gillion v. Finley, 22 W. N. C. 124 as contended by the appellant. In that case there was no covenant to deliver up the premises at the expiration of the term, or a clause providing for a tenancy from year to year after the expiration of the term.

In the present case, in the argument of the rule for judgment for want of a sufficient affidavit of defense, counsel for the appellee cited the cases of Harding v. Seeley, 148 Pa. 20;

Cairns v. Llewellyn, 2 Pa. Superior Ct. 599; Montgomery v. Commissioners, 76 Ind. 362; Delashman v. Berry, 20 Mich. 292, and other cases, and it was upon these cases that the court granted judgment.

OPINION BY RICE, P. J., February 19, 1898:

The plaintiff leased to the defendant a certain building "for the term of one year with privilege of two years additional from the first day of December, A. D. 1892, at a rent of two thousand dollars per year to be paid in equal monthly payments . . . . in advance." The lessee covenanted that they "at the termination of said term, will deliver up said premises in as good condition, order and repair as the same now are in," etc. The lease contained this further provision: "And it is hereby mutually agreed that either party hereto may determine this lease at the end of said term, by giving the other notice thereof, at least three months prior thereto, but in default of such notice, this lease shall continue upon the same terms and conditions as are herein contained, for a further period of one year and so on from year to year unless or until terminated by either party hereto giving to the other three months' notice for removal previous to the expiration of the then current term."

If there were only the language of the granting part of the instrument to guide us the decision in Gillion v. Finley, 22 W. N. C. 124; 11 Cent. Rep. 793, might perhaps compel us to hold that the lessees holding over after the expiration of the first year created a tenancy from year to year, simply, which they might terminate at the end of the second year. But the other provisions of the lease indicate an intention to create a tenancy for a determinate period which should be one year or three years at the option of the lessees. When the option was exercised the term became certain in duration; and at the expiration of that term, but not before, a tenancy from year to year would arise if the tenant held over, unless the landlord had given three months' notice prior thereto, as provided in the lease. By this construction the rights and obligations of the lessor and the lessees in respect to the termination of the lease at the expiration of the term, after its duration had been fixed by the exercise of the lessees' option, would be mutual, and neither would have an advantage over the other in that regard. But this would not

be so if the tenant could give notice and terminate the lease at the end of the second year and the landlord could not. The plain intention was to put them on an equality after the lessees had once exercised their option, and this can only be carried out by holding that it then became a lease for three years from the beginning of the term. In Harding v. Seeley, 148 Pa. 20, it was said: "That a holding over by a tenant who has an option for an additional term is notice to his landlord of his election to exercise his privilege is generally held in this country." In Delashman v. Berry, 20 Mich. 292, it was said: "Upon principle it would certainly seem, that the actual continuance of such occupation was the best and most conclusive evidence of the intention to continue. And as it was at his option to have the term expire at one year or three years, and he had covenanted to deliver up possession at the end of the term, but one inference could legally and properly be drawn from such continuance after the year, to wit: That he intended to continue rightfully, according to the terms of his lease, rather than wrongfully to defiance of its provisions." The foregoing was quoted with approval in the opinion of our Brother WICKHAM in Cairns v. Llewellyn, 2 Pa. Superior Ct. 599, and the case was cited in the opinion of Mr. Justice HEYDRICK in Harding v. Seeley. In Rohboch v. Mc-Cargo, 6 Pa. Superior Ct. 134, the lease was "from the 26th day of January, 1891, for and during the term of one year, two months and six days, with the privilege of remaining in possession until the 1st day of April, 1896." In the opinion rendered after a reargument of the case Judge WICKHAM said: "The lessees were given the right to hold for and during the continuous period of time intervening between April 1, 1891, and April 1, 1896. This is the plain and obvious meaning of the language used. When they accepted the option, they at once took this integral term, and not a portion thereof, nor a mere tenancy from year to year." The case of Montgomery v. Commissioners, 76 Ind. 362, is also directly in point.

When the lessees in the present case held over after the end of the first year nothing more was necessary to give notice to the lessor of their intention to exercise their privilege. In the absence of anything to qualify or explain their act, it is to be deemed an election to claim their full privilege and to hold for two years additional; so that, if the lessor had attempted to

remove them at the end of the first additional year, against their consent, he must have failed, and they, on the other hand became bound to pay the stipulated rent for the full term of three years. By this construction all the provisions of the lease are harmonized and given full force, and by. no other can they be.

A surrender of demised premises by the tenant, in order to be effectual, so as to release him from liability for the rent, must be accepted by the lessor, and the burden of proof is on the lessee. Acceptance is expressly denied in the plaintiff's statement and is not alleged in the affidavit of defense ; nor is it necessarily to be implied from the facts. Such acts of the lessor as are shown in the statement and the affidavit are in the interest and for the benefit of the tenant, and do not, of themselves, discharge him from his covenant to pay rent: Pier v. Carr, 69 Pa. 326 ; Breuckmann v. Twibill, 89 Pa. 58; Auer v. Penn, 99 Pa. 370 ; Teller v. Boyle, 132 Pa. 56 ; Lane v. Nelson, 167 Pa. 602 ; Ashhurst v. Phonograph Co., 166 Pa. 357.

The defendants further aver that "when it became known to the public previous to the 30th day of November, 1894," that they intended to vacate the store, a number of persons applied to rent it and were sent by them to the plaintiff ; that some of these persons offered to rent the store upon the same terms and conditions as those contained in the lease ; and that the plaintiff "neglected and refused to rent the store to anyone." It will be observed that the affidavit is silent as to the names of these persons, their character, responsibility and business and that the time referred to was prior to the removal. The landlord is not bound, in relief of his tenant who had abandoned the premises, to rent them to any one who may apply, but may rent them and hold the tenant for the difference, unless he has accepted a surrender: Auer v. Penn, supra. But whatever may be his duty after he has retaken possession, he is clearly not bound to consider a proposition of a third person to rent them prior to, and in anticipation of, the tenant's removal.

Judgment affirmed.