# Smucker *v.* Grinberg, Appellant.

*Landlord and tenant—Notice—Termination of lease.*

Where a lease provides that a tenancy shall continue from year to year "until either party shall give four months' previous notice of the intention to determine such term," a letter offering to renew the lease at an increased rent, but not coupled with a notice, expressed or implied, that if the offer was not accepted the lease would be terminated, is an insufficient notice under the terms of the lease.

*Landlord and tenant—Surrender—Eviction.*

A surrender of demised premises, in order to be effectual to release a tenant from payment of rent, must be accepted by the lessor, and the burden of proof is on the lessee. A tenant for years cannot relieve himself from liability by vacating the demised premises during the term and sending the key to his landlord. The landlord is not bound, in relief of his tenant who had abandoned the premises, to rent them to anyone who may apply, but may rent them and hold the tenant for the difference unless he has accepted a surrender. Nor is his entry to make repairs after the tenant has abandoned the premises either an acceptance of a surrender or an eviction.

A sale by the landlord of demised premises and delivery of possession to the purchaser does not constitute an eviction which relieves the tenant from liability for rent which had accrued and was overdue at that time.

A landlord in possession before the expiration of the term is not obliged to send the keys to the tenant so that the latter may make some repairs. Such refusal is not an eviction.

*Practice, C. P.—Affidavit of defense—Part admitted to be due.*

Where a statement of claim embraces two distinct items and a rule is taken for judgment for want of a sufficient affidavit of defense as to one of the items, specifying it, the court may give judgment by the simple entry, "rule absolute," without filing an opinion designating the item for which judgment is given.

Argued Dec. 14, 1904.   Appeal, No. 222, Oct. T., 1904, by defendants from order of C. P. No. 3, Phila. Co., March T., 1904, No. 2228, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Solomon Smucker v. Hannah Grinberg et al., trading as Manhattan Storage Co., and D. Grinberg and A. Morris.   Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Assumpsit for rent, from January 1, 1904 to March 29, 1904.

The affidavit of defense averred that the defendants did enter into a lease as set forth in exhibit " A " of plaintiff's statement of demand and continued in possession of said premises until November 24, 1903, and paid the rent due under the terms of said lease until December 31, 1903.   And deponent further says that they vacated the premises at the request of the plaintiff in accordance with a written notice received from the plaintiff under date of August 10, 1903.

Upon receipt of the notice the defendants, at a great expense to themselves, secured another property at 631 Market street, and vacated 605 Market street on November 24, 1903, as aforesaid.

This deponent sent the keys for premises 605 Market street to the plaintiff on January 1, 1904, at his residence in Logan square, in the city of Philadelphia, where they were handed to a member of plaintiff's family, which keys the plaintiff retained and kept complete control of the property.

The plaintiff made no effort to rent the premises for defendants' account, but to the contrary asked a larger rent of applicants desirous of renting the premises, and subsequently, to wit: on February 11, 1904, the said plaintiff entered into an agreement to sell said premises and to make settlement for the sale of said premises within sixty days of said date, and give possession of the premises at the date of said settlement.

Deponent is advised, believes and, therefore, avers that the said plaintiff did sell said premises in accordance with the agreement referred to and gave possession of said premises without regard to any lease, which according to his statement of claim he now avers is in existence.

Deponent denies that the defendants are in any wise indebted

to the said plaintiff for any rent, having paid all rent due to and including December 31, 1903, and that they vacated the premises in accordance with a notice received from the plaintiff, as aforesaid.

The defendants further deny that they are indebted in any wise for any carpenter work or glazing claimed by the plaintiff, as set forth in exhibit " B " of the plaintiff's statement of demand. At the time of the delivery of the keys to the said plaintiff there was only one broken window and the building was delivered in the same good order and repair as the premises were at the date of said lease, except such change as may have been occasioned by the reasonable wear and tear for the purpose for which the said building was rented. The deponent requested the plaintiff to send the keys for said premises so that the sash and the glass of said sash could be replaced. The plaintiff, however, proceeded to have this work done and the defendants believing that the cost for the said sash of one dollar ($1.00) and the light of glass for the same costing two dollars and seventy-five cents ($2.75), is not an unreasonable charge and is now and always has been ready to pay the said three dollars and seventy-five cents ($3.75), the cost thereof. No demand has been made for the said amount at any time before suit brought.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*David Mandel, Jr.*, for appellant.—Defendants further aver that the plaintiff sold the premises and gave possession regardless of any lease, which he now claims is in existence. These allegations if proven would constitute an eviction, although no notice was given by either party: Briggs v. Thompson, 9 Pa. 338; Dos Santos v. Hollinshead, 4 Phila. 57.

The evident meaning of the letters sent by the plaintiff to the defendants was that if they desired to remain they must pay more rent. The only alternative, therefore, was to vacate at the expiration of the term: Berridge v. Glassey, 112 Pa. 442; Byrne v. Funk, 13 W. N. C. 503.

The defendants do not merely state that the keys were left with the plaintiff, but aver that the owner manifested complete

control over the premises thereafter by endeavoring to obtain more rent and by selling the premises clear of a lease and refusing defendants the keys to enter and make repairs : Gardiner v. Bair, 10 Pa. Superior Ct. 74; Breuckmann v. Twibill, 7 W. N. C. 188.

The defendants allege sufficient to show an eviction and the court should have discharged the rule for judgment and sent the case to a jury : Gardiner v. Bair, 10 Pa. Superior Ct. 74 ; Dos Santos v. Hollinshead, 4 Phila. 57 ; Gallagher v. Burke, 13 Pa. Superior Ct. 244 ; Oakford v. Nixon, 177 Pa. 76 ; Pier v. Carr, 69 Pa. 326.

The court below made an entry "rule absolute" without assigning any reason. This was error : Pierson v. Krause, 208 Pa. 115.

*Leoni Melick,* of *Melick, Potter & Dechert,* for appellee.—An examination of that notice shows that it is not a notice to vacate the premises. On the contrary, it is an invitation to remain, at an increased rental : Byrne v. Funk, 13 W. N. C. 503; Pittfield v. Ewing, 6 Phila. 455.

The averment in the affidavit of defense as to defendants' disposition of the keys does not show an acceptance by the plaintiff of a surrender of the premises : Snyder v. Middleton, 4 Phila. 343 ; Gardiner v. Bair, 10 Pa. Superior Ct. 74 ; Breuckmann v. Twibill, 7 W. N. C. 188; Teller v. Boyle, 132 Pa. 56.

The averment in the affidavit of defense that plaintiff made no effort to rent for defendants' account shows no defense : Milling v. Becker, 96 Pa. 182; Lipper v. Bouvé, 6 Pa. Superior Ct. 452 ; Auer v. Penn, 99 Pa. 370.

Pierson v. Krause, 208 Pa. 115, does not decide against the practice followed in this case.

This rule was taken in exact conformity with the practice suggested by this court in Shea v. Wells, 8 Pa. Superior Ct. 511.

OPINION BY RICE, P. J., March 14, 1905 :

In this action of assumpsit the plaintiff sought to recover rent from January 1, 1904, to March 29, 1904, under a lease which provided that it should continue from year to year "until either party shall give four months' previous notice of the intention to determine such term." Undoubtedly one purpose

of this provision was to put the landlord and the tenants on equal footing, so that the former should know a reasonable time before the end of the year whether he must seek another tenant and the tenants should know whether they must seek another place of business: Lane v. Nelson, 167 Pa. 602. The lessees claim that their liability for the stipulated rent beyond December 31, 1903, the end of the then current year, ceased on that date, because in November they "vacated the premises in accordance with a written notice received from the plaintiff under date of August 10, 1903." That the letter of that date —and this is equally true of the letter of August 25—was not such a notice as was contemplated by the clause of the lease above referred to will be best shown by quoting it verbatim. It reads: "Gentlemen I write to inform you that the increased valuation of my property makes an advance of rent necessary, it should be $4,000, but to you I will make it $3,600 being $300 per month on the terms of present lease. Will extend the lease three to five years at this advance, or go on from year to year as you may prefer from January 1, 1904. Your tenancy has been entirely satisfactory to me and I trust it may be to your interest to stay in store 605 Market St. many years to come. Hoping to hear from you before the close of this month, I am very respectfully yours."

This falls far short of a notice to vacate at the end of the year. It was an offer to renew the lease at an increased rent, but it was not coupled with a notice, expressed or implied, that if the offer was not accepted the lease would be terminated. It was not even an alternative notice to quit, which, according to some authorities is bad. On the contrary, as the counsel for the appellee well said, it was an invitation to remain at an increased rental. The defendants might have been warranted in surmising that if they did not accept the offer the plaintiff would give the requisite notice before the end of that month, but they must be presumed to have known that if it was not given their right to hold the premises for another year would be secure. If they desired to terminate the lease at the end of the year 1903 they could have done so by giving the requisite notice, but the plaintiff's letter above quoted cannot be construed as giving them an option to terminate it without giving such notice.

Was there an acceptance of a surrender or an eviction? A

surrender of demised premises, in order to be effectual to release a tenant from payment or rent, must be accepted by the lessor, and the burden of proof is on the lessee. A tenant for years cannot relieve himself from his liability by vacating the demised premises during the term and sending the key to his landlord. The landlord is not bound, in relief of his tenant who had abandoned the premises, to rent them to anyone who may apply, but may rent them and hold the tenant for the difference unless he has accepted a surrender. Nor is his entry to make repairs after the tenant has abandoned the premises either an acceptance of a surrender on an eviction : Auer v. Penn., 99 Pa. 370 ; Lane v. Nelson, 167 Pa. 602 ; Lipper v. Bouvé, 6 Pa. Superior Ct. 452 ; Gardiner v. Bair, 10 Pa. Superior Ct. 74. Many more cases might be cited to sustain these propositions but it is unnecessary. They cover the material allegations of the affidavit of defense relative to the question of surrender.

The rent was payable monthly in advance. It seems needless to say that the plaintiff's sale of the premises on March 29, 1904, and delivery of possession to the purchaser did not constitute an eviction which relieved the defendants from liability for the rent which had accrued and was overdue at that time. The only other averment of the affidavit of defense relative to the question of eviction which need be noticed is the following : " The deponent requested the plaintiff to send the keys for said premises so that the sash and the glass of said sash could be replaced. The plaintiff, however, proceeded to have this work done," etc. At what period of time after they had abandoned the premises this occurred is not stated ; but passing that defect, the obvious and conclusive objection is, that proof of all that the defendants allege in this part of their affidavit would not warrant a jury in finding that the plaintiff refused the defendants the right to re-enter during the term or even that he refused to redeliver the keys to them upon proper demand. He was not bound " to send the keys " to them and his failure to comply with that request was not an eviction. The plaintiff was clearly entitled to judgment for the rent claimed.

We come to the question of practice raised by the last assignment of error, which reads : " Because the learned court did not file an opinion and gave judgment by the simple entry

' rule absolute.' "   In Shea v. Wells, 8 Pa. Superior Ct. 511,
we said :   " When plaintiff moves for judgment for part of his
demand under the Act of July 15, 1897, P. L. 276, it would
be good practice to require him to specify the part as to which
he claims the affidavit to be insufficient, and to set this forth
in the rule to show cause.   If that be done the defendants will
know with certainty the issue he is called upon to meet, the rec-
ord will show that the court was called upon to decide, and
the hearing on appeal from the discharge of the rule will be
confined, as it ought always to be, to a review of the decision
upon the point raised in the court below."   The plaintiff fol-
lowed the practice here indicated.   His statement embraced
two distinct claims : the first for $733.87, the rent that had ac-
crued from January 1, 1904 to March 29, 1904 ; the second for
$15.45, the amount he had been compelled to expend for re-
pairs by reason of the defendants' breach of their covenant in
that regard.   The rule on the defendants was " to show cause
why judgment should not be entered against them for so much
of the plaintiff's claim as to which the affidavit of defense is in-
sufficient, viz. : the claim for rent from January 1, 1904, to
March 29, 1904, in amount seven hundred and thirty-three dol-
lars and eighty-seven cents ($733.87), with interest from date
last mentioned."   In Pierson v. Krause, 208 Pa. 115, upon
which the plaintiff's counsel relies, the rule to show cause did
not identify the part of the claim as to which the affidavit of de-
fense was deemed to be insufficient except by amount.   It left
that matter to inference.   Here it is described with great par-
ticularity, as we have seen.   The making absolute of the rule
to show cause necessarily implied an adjudication that the por-
tion of the affidavit of·defense relative to that claim was in-
sufficient in law.   The record leaves no room for doubt upon
that subject.   Justice Brown, who delivered the opinion in
Pierson v. Krause, said that in every case arising under the
act of 1897, the better practice and one which ought to com-
mend itself " is an adjudication by the court in its own words
of that portion or portions it adjudges insufficient."   But he
did not hold that the filing of an opinion, desirable as it is, is
absolutely indispensable in every case.   On the contrary he said :
" In making absolute the rule for judgment for a portion of the
plaintiff's claim when the application for it is in proper form,

pointing out specifically the insufficiency, the court, perhaps, adjudges what portion or portions of the affidavit of defense are insufficient, and the record may show what the adjudication is." We think the practice followed in this case was in substantial conformity with that decision.

Judgment affirmed.