## Hull, Appellant, *v.* Asch.

312

Argued March 5, 1934.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*James G. McDonough,* and with him *Clarence J. Wing,* for appellant.

*Walter L. Schanz,* for appellee.

Opinion by Trexler, P. J., July 13, 1934:

Theodore Asch, the defendant, on July 18, 1932, entered into an agreement of lease with L. M. Hull, the plaintiff and owner of the demised premises, providing for a lease for a term of nine months from the first day of August, 1932, the rent being $675 for the term, payable $75 per month in advance.

The lease contained inter alia, the following provisions: "During the first six months of this agree-

ment, lessee shall have the privilege of the purchase of above premises for the sum of $14,000, and any rents paid during the first six months shall apply on purchase price. If lessor has another buyer for property and lessee does not choose to take advantage of this option at that time, then lessor will be privileged to consummate sale of above property and lessee agrees to vacate the same upon sixty (60) days written notice of such sale to another party. Lessor reserves right to harvest garden now planted. Either party shall give the other 60 days written notice of intention to quit this agreement or any renewal hereof. Any renewal of this lease to be on a yearly basis.''

On the 30th day of July, 1932, Asch served a written notice upon Hull, the owner, that sixty days from the date thereof, he would quit the premises and terminate the agreement of lease. Asch never took possession of the premises, but he paid the owner two months rent. Judgment was entered on the lease for the full amount of the rental for the entire term and upon petition of Asch, the court opened the judgment and awarded an issue, to determine whether the lease was terminated by the written notice given under the provision that ''either party shall give 60 days written notice of intention to quit the agreement and any renewal thereof.'' All the above facts were agreed upon by the parties.

The lower court held that the written notice terminated the lease and that no rent was due. We have come to the opposite conclusion. The court below took the view that as the lease was for a fixed period of nine months, it would automatically end at the expiration of the time and there was no purpose subserved in placing this additional sentence in the paragraph, unless it be construed that the contract could be ended at any time after sixty days notice.

We think, however, the obvious intention was, as is

314

usual in most leases, to provide notice before the expiration of the term. The Supreme Court in Lane v. Nelson, 167 Pa. 602, 31 A. 864, referring to a somewhat similar case, stated, "Undoubtedly one purpose of this covenant was to put the landlord and the tenant on equal footing so that the former should know a reasonable time before the end of the year whether he must seek another tenant and the tenant should know whether he must seek another habitation."

It is significant that any renewal of the lease shall be upon a yearly basis. Why put such provision in the lease if it was to be subject to expiration at the will of either party after sixty days notice?

The easiest way out of the situation, which is to some extent confusing is, as indicated above, to regard this as the ordinary provision that there shall be a notice of intention to quit given by either party before the termination of the lease. The parties have agreed to the amount of the judgment if the decision be in favor of the plaintiff.

The judgment is reversed and is now entered in favor of L. M. Hull against T. J. Asch for the amount of $525.