## Fogel et al. v. Newberg

*Max A. Daroff*, for plaintiffs.

*G. A. Wilderman*, for defendant.

FLOOD, J., January 30, 1940.—On June 13, 1938, plaintiff and defendant executed a bailment lease agreement whereby the former agreed to furnish refrigeration equipment for defendant's taproom at a stipulated monthly rental of $27.47. The lease also contained a warrant of attorney to confess judgment for an amount "equal to the whole of said total rental or any part unpaid under this lease whether the same shall be due and payable or not". Subsequently, defendant attempted to repudiate this contract and refused to accept delivery of the equipment being held by plaintiff for him.

No payments having been made under the agreement, plaintiff entered judgment in the sum of $1,100 on August

18, 1938. Defendant countered with a petition to open the judgment. That petition was dismissed. A second petition was then filed, and, some doubts having arisen as to plaintiff's right to recover the full amount of the stipulated rent, the court made absolute the rule to open the judgment, but restricted the issue in the case to damages. The following question was framed for submission to a jury: "What is the amount of the damages sustained by plaintiff as a result of defendant's breach of the contract here sued on?"

To this order defendant has filed exceptions, charging that the court exceeded its power in so limiting the issue. His argument can be summed up as follows: The judgment as it now stands, is one for rentals due under the lease. Though the court has discretionary power in opening judgments and can do so on whatever conditions it wishes to impose, the final judgment nevertheless can only include amounts representing rent. If, however, the above question is submitted to the jury as framed, the cause of action is changed from one for rent due under the agreement to one for damages for breach of contract.

This overly technical argument has failed to impress us. "An application to open a judgment entered upon a warrant of attorney is an equitable proceeding, addressed to the sound discretion of the court and to be disposed of in accordance with equitable principles": Mielcuszny et ux. v. Rosol et ux., 317 Pa. 91, 93 (1934). That discretion permits the entry of an order opening the judgment but restricting the issue to be submitted to the jury: Huston Township Co-operative Mutual Fire Ins. Co. v. Beale, 110 Pa. 321 (1885); International Finance Co. v. Magilansky et ux., 105 Pa. Superior Ct. 309 (1932).

Where a confessed judgment is entered within the literal ambit of the warrant, but for an amount in excess of the debt, it can and should be opened for the purpose of determining the precise sum due. Such is the case where the amount of the judgment fails to take into consideration payments on account: Foster v. Carson et ux., 147 Pa. 157 (1892). We would here be faced with a similar

situation should it be found that plaintiff, in securing this judgment, failed to deduct from the total rental any credits due defendant. Regardless of the wording of the lease, a bailment lessor can never recover the total rental stipulated therein and at the same time take back the chattel. If he does repossess the chattel, he is entitled to rent only until the date when repossession was taken: Rome Sales & Service Station v. Finch, 120 Pa. Superior Ct. 402 (1936). Here we have a situation analogous to a lease of real estate where, upon repudiation, the landlord can obtain judgment for the full rent only for such time as the property remains vacant. If the premises are re-rented, he must deduct from the full rental due under the first lease the amounts he receives under the second: Jenkins et al. v. Root, 269 Pa. 229 (1920); Smucker v. Grinberg, 27 Pa. Superior Ct. 531 (1905). It would seem, therefore, that plaintiff is entitled only to the difference between the rental to be received under his contract with plaintiff and that which he had later received from a lease of the refrigerator. If he has sold the refrigerator, the sale price must be deducted from the rental due, with a possible additional credit for getting the sale price in a lump sum if that is the fact.

Defendant argues that the refrigerator is not specific goods and that this rule cannot apply, inferring that the analogy should be drawn, not to a lease of real estate, but to a sale of nonspecific goods. Therefore, he maintains, plaintiff is entitled not to rental but to damages. Consequently the warrant of attorney does not cover his claim. This impresses us as being a difficulty of words rather than of substance. We may concede, for the purpose of this rule, that the analogy of a sale of unascertained goods is closer than that of a lease of real estate. But even under this analogy, plaintiff is entitled to the amount stipulated under this contract, less perhaps certain credits. Whether the credits against the total contract rental be the rental for such time as plaintiff does not choose to keep the refrigerator unrented (by analogy

to a lease), or whether they be the market value of the article (by analogy to a sale of nonspecific goods), defendant may prove them on the trial of this issue. It was with this thought in mind that the court opened the judgment and framed the question stated heretofore. The issue would be identical were the question to take the following form: "What is the amount due plaintiff under the lease under which the judgment was entered?" Because this conforms more closely to the wording of the lease, we shall amend our question to read as stated.

The exceptions to the order opening the judgment are hereby dismissed. The sole issue to be tried by the jury is amended to read as follows: "What is the amount due plaintiff under the lease under which the judgment was entered?"