## MacGregor *versus* Rawle.

1. A lease for three years, with a covenant to yield up the possession at the expiration of the term, and a further agreement that if the lessee "should continue on the premises after the termination of the contract," it was "to continue in force for another year, and so on from year to year until legal notice is given for a removal." In order to terminate the lease, it was not necessary that the landlord should give the tenant three months' notice before the end of the term.

2. The provision "if the tenant should continue," means a lawful continuance, not one in violation of his covenant to surrender possession.

February 7th 1868. Before THOMPSON, C. J., STRONG, AGNEW and SHARSWOOD, JJ. READ, J., at Nisi Prius.

Error to the District Court of *Philadelphia:* No. 185, to July Term 1867.

[MacGregor v. Rawle.]

This was an action of ejectment by W. Henry Rawle, executor, against Robert MacGregor, brought to December Term 1866. The facts of the case were agreed on by a case stated.

On the 29th of May the plaintiff leased to the defendant the premises for which the ejectment was brought, " for the term of three years from the 1st day of August 1863, at the rent of $1000 per annum, to be paid in quarterly portions when due." The lessee covenanted that he would " at the expiration of the said term yield up and surrender the possession of the said premises, with the appurtenances, unto the said William Henry Rawle, executor, or his assigns." It was " further agreed that if the above-named Robert MacGregor should continue on the above-described premises after the termination of the above contract, then this contract is to continue in full force for another year, and so on from year to year until legal notice is given for a removal."

On the 21st of July 1866 Mr. Rawle delivered to Mr. MacGregor the following notice :—

" I beg to notify you that upon the expiration of the term for which you now occupy the premises No. 419 Walnut street, under a lease from me, dated May 29th 1863, to wit, on the 1st day of August 1866, I shall require you to comply with your express covenant in the lease, and to surrender possession of the premises in accordance therewith."

And on the 2d of August Mr. Rawle gave Mr. MacGregor the following notice :—" The lease under which you have occupied the house and premises No. 419 Walnut street during the past three years having now expired, I hereby respectfully notify you to quit the same forthwith, and to surrender up possession thereof to me without delay.

" Any further occupation by you will be considered illegal, and not a holding over for another year."

Mr. MacGregor replied :—" As you have not given me the three months' notice, which I am advised is legal, to quit before the expiration of the three years specified in your lease, I intend to avail myself of the further covenant therein, viz. : * * and remain tenant for another year."

" The question for the opinion of the court is, whether the plaintiff was entitled to possession of the premises at the expiration of the term of three years, mentioned by the said agreement in the first instance, or whether the defendant is not entitled thereto for another period of one year therefrom. If the court should be of opinion in the affirmative, and that the defendant is not so entitled, then judgment to be entered for the plaintiff, otherwise for the defendant."

The court below entered judgment for the plaintiff, Sharswood, P. J., delivering the following opinion :—

[MacGregor *v.* Rawle.]

"The plaintiff leased certain premises to the defendant for the term of three years, and the defendant covenanted expressly 'at the expiration of the said term to yield up and surrender the possession' to the plaintiff. It is also agreed by the same instrument that if the defendant 'should continue on the premises after the termination of the above contract, then this contract is to continue in full force for another year, and so on from year to year, until legal notice is given for a removal.' The plaintiff demanded possession at the expiration of the three years, and the defendant refused on the ground specifically that he had not received three months' previous notice. There is nothing, however, in the contract which requires such previous notice, and nothing is better settled than that on a lease for a term certain it is not necessary: Bedford *v.* McElherron, 2 S. & R. 49; Lesley *v.* Randolph, 4 Rawle 126, where the cases are all cited by Judge Kennedy. The only possible footing on which the plaintiff can hope to succeed, is by showing that, by the terms of the contract, he was to have the election to convert the contract from a lease for three years into a lease from year to year. There is nothing to warrant such a construction. There is an absolute and unqualified covenant by the tenant to surrender possession at the end of the term of three years, and the subsequent provision is perfectly consistent with it. It was meant for the benefit of the tenant, and to protect him from the operation of the rule established in Hemphill *v.* Flynn, 2 Barr 144, where it was held that if the tenant holds over after the expiration of a term certain, the landlord at his election before receiving rent, can treat him as a trespasser or tenant, but that it is not competent for the tenant to elect himself to be a trespasser, to move out whenever he pleases, and pay rent only for the time he occupies. Under the provisions of this lease, if without a demand of possession by the landlord, on or before the day the lease expired, the tenant continued, he could not be turned out by the landlord until the end of a year, and then only on three months' previous notice. In other words, he became a tenant from year to year. When the contract says 'if the tenant should continue,' it means unquestionably a lawful continuance, and not in express violation of his covenant to surrender possession demanded by the landlord."

The defendant took a writ of error, and assigned the judgment of the District Court for error.

*A. Thompson*, for plaintiff in error, cited Woodford Land. and Ten. 75; Webb *v.* Dixon, 9 East 15; Effinger *v.* Lewis, 8 Casey 368; Bedford *v.* McElherron, 2 S. & R. 50; Cook *v.* Neilson, 10 Barr 41; Merrill *v.* Frame, 4 Taunt. R. 329; Sampson *v.* Easterby,

[MacGregor v. Rawle.]

9 B. & C. 505, 513; Saltoun v. Houston, 1 Bing. 433; Beswick v. Swindells, 3 Ad. & El. 868, 880.

G. T. Bispham and H. Wharton, for defendant in error, were stopped by the court. In their paper-book they referred to Hemphill v. Flynn, 2 Barr 144.

The opinion of the court was delivered, February 13th 1868.

PER CURIAM.—Everything necessary to the vindication of the judgment in this case appears in the opinion of the late president of the District Court, our brother Sharswood, and we affirm the judgment for the reasons therein contained.