## Wilcox *v.* Montour Iron and Steel Co., Appellant.

*Landlord and tenant—Lease—Renewal.*

A lease " for the term of one year, to commence and be computed from March 1, 1886," was in printed form, and the clause providing that " if the lessee shall hold over after the expiration of the term hereby created, with the consent of the lessor, it shall be held and taken to be a renewal . . . . and so on until either party shall give previous notice," etc, was stricken out and this clause written in : " From and after the expiration of the term hereby created this lease shall be deemed to be renewed and in force for another year, and so on from year to year unless either party shall have given to the other notice of its intention to determine said tenancy sixty days prior to the expiration of any current year." *Held*, that sixty days' notice was required to be given by the lessee before March 1, 1887, in order to determine the tenancy.

A covenant in the lease that " the lessee shall, and will, during the continuance of the said term, keep, and at the expiration thereof, peaceably deliver up the said demised premises," etc, is not repugnant to the clause

of renewal. It is at the end of the tenancy, whenever by the terms of the whole lease it does end, that the lessee is to surrender the possession.

*Payment of rent as evidence of renewal.*

Payment of rent after the expiration of the original term is not an affirmance of the lease for a new year, but merely evidence of affirmance, which may be rebutted by proof that such was not the intention of the parties.

Argued Jan. 12, 1892. Appeal, No. 137, July T., 1891, by defendant, from judgment of C. P. No. 1, Phila. Co., June T., 1888, No. 319, on verdict for plaintiff, James M. Wilcox. Before Paxson, C. J., Sterrett, Williams, McCollum, Mitchell and Heydrick, JJ.

Assumpsit to recover rent of premises 216 So. Third street, in Philadelphia, for eleven months, ending March 1, 1888.

The provisions of the lease are set forth in the opinion of the Supreme Court.

At the trial before Allison, P. J., defendant's counsel made the following offers:

"I offer to prove that the defendant vacated the demised premises, and tendered the possession thereof to the plaintiff before the first day of March, 1887."

Objected to. Objection sustained and exception. [1]

"I offer to prove that the rent for the month of March, 1887, was paid under a misapprehension of the legal rights of the defendant, and with no intention of creating a new tenancy."

Objected to. Objection sustained and exception. [2]

Plaintiff's points were as follows:

"1. As defendant did not give to plaintiff sixty days' notice prior to the 1st of March, 1887, of its intention to determine its tenancy, it is liable to plaintiff for one year's rent of premises from March 1, 1887, and the verdict must be for plaintiff. A. Affirmed." [3]

"2. The payment by defendant to plaintiff of thirty-seven dollars and fifty cents, rent for the month of March, 1887, makes defendant liable to plaintiff for the rent for the whole year, from the 1st of March, 1887, to the 1st of March, 1888, and verdict must be for plaintiff. A. I answer to this that the payment of the first month's rent upon the new year would be an affirmance of the terms of the lease for another year." [4]

" 3. Under all the evidence in the case plaintiff is entitled to a verdict. A. Affirmed." [5]

Defendant's points, which were refused, were as follows:

" 1. The defendant leased from the plaintiff the premises in question for one year from March 1, 1886, and had a right under the terms thereof to remove therefrom at the end of the term without any previous notice to the plaintiff." [6]

" 2. If the jury believe that the defendant vacated the demised premises before March 1, 1887, and tendered possession thereof to the plaintiff, it is not liable for the rent sued for in this case, and your verdict should therefore be for the defendant." [7]

" 5. The payment of the rent demanded for the month of March, 1887, did not, under the facts of this case, create a tenancy for another year." [8]

The court directed the jury to find a verdict for the plaintiff. [9]

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were (1, 2) rulings on evidence, quoting the bill of exceptions; (3–9) instructions, quoting points and answers.

*John G. Lamb,* for appellant.—The lessee had the right to recover at the expiration of the term specified in the lease without any notice to the lessor : Logan v. Herron, 8 S. & R. 459 ; Rich v. Keyser, 54 Pa. 86. This case is ruled by MacGregor v. Rawle, 57 Pa. 184, and Jones v. Kroll, 116 Pa. 85. Payment of one month's rent was not conclusive of a renewal of the lease : Cramer v. Bank, 2 Grant, 267; Fitzpatrick v. Childs, 6 Phila. 135 ; Prindle v. Anderson, 19 Wendell, 394 ; Logan v. Herron, 8 S. & R. 459.

*John Samuel,* with him *Norris S. Barrett,* for appellees.—The notice of sixty days applied to the first year. The first year was as much a " covenant " year as any other. Payment of rent is an acknowledgment of the tenancy: Dumn v. Rothermel, 112 Pa. 282 ; Woodfall on Landlord and Tenant, 9.

OPINION BY MR. JUSTICE MITCHELL, March 21, 1892.

The first clause of the lease creates a term for one year, and if there were nothing further upon the term appellant would clearly be right in its contention that its liability for rent

ceased with the year.   But the subsequent clause numbered seven must be construed together with the first, and as part of the language of the parties defining the term created.   Clause seven begins : " From and after the expiration of the term hereby created, this lease shall be deemed to be renewed, and in force for another year."   If it had stopped here it would have been a covenant absolute for a second year, but it continues, " and so on from year to year," which is a short mode of repeating the previous sentence indefinitely.   Written out in full it would be, " and from and after the expiration of the second term hereby created, this lease shall be deemed to be renewed and in force for another year," and again repeating the same language for a fourth, a fifth, and as many years as the parties chose to specify, each sentence of the kind being still a covenant absolute for another year.   That it should be a covenant absolute and indefinite was not, however, the intention of the parties, and so they added the condition of defeasance, " unless either party shall have given to the other notice of its intention to determine said tenancy sixty days prior to the expiration of any current year."   If the condition of defeasance had come immediately after the first covenant for renewal, the necessity of notice to avoid the operation of the covenant would have been beyond question, and the fact that there is interposed between the phrase "and so on from year to year," is, as already shown, no more than the equivalent of an indefinite number of repetitions of the first covenant in totidem verbis. Grammatically the condition of defeasance is applicable to all the prior clauses of the sentence, and there is nothing to indicate the intention of the parties to restrict such application. If it was not so applicable, then the covenant was absolute for a second year, as already seen.

Another illustration leads us to the same result.   If the condition be transposed to the head of the sentence, so as to read " unless either party shall have given notice . . . . this lease shall be deemed to be renewed and in force for another year, and so on from year to year," the meaning of the sentence as a whole would not be in anywise changed, and yet the application of the notice to the first term would be unquestionable.

If there were any doubt as to the meaning of the parties from the language they have adopted, it would be set at rest by

the language they have deliberately rejected. The lease is a printed form, and the blank contained, as clause seven, the following : " If the lessee shall hold over after the expiration of the term hereby created, with the consent of the lessor, it shall be held and taken to be a renewal . . . . and so on until either party shall give previous notice," etc. If we substitute for " hold over " the equivalent phrase " continue on the premises," this is substantially the language of the lease in Mac-Gregor v. Rawle, 57 Pa. 184, which this court held not to require notice at the end of the first year. With this printed clause before them, having a meaning thus judicially established, as not requiring notice at the end of the first year, the parties struck it out, and wrote in its place the clause as we now have it, not that " if the lessee shall hold over," but that " from and after the expiration of the term . . . . this lease shall be deemed to be renewed . . . . unless " notice shall have been given. Such action seems to show conclusively their intent that notice should be necessary at the end of the first as well as of the succeeding years.

If the sixth clause, providing for a peaceable delivery of the premises by the lessee at the expiration " of the said term," were repugnant to the seventh, it would have to give way, as the written clause is presumed to express the meaning of the parties more exactly than the printed: Grandin v. Ins. Co., 107 Pa. 26 ; Duffield v. Hue, 129 Pa. 94, 108 ; Dick v. Ireland, 130 Pa. 299. But there is no real repugnance. " The said term" in the sixth clause means, not merely the first year, but the whole term held under the lease, whether one year under the first clause, or several under the seventh. It is at the end of the tenancy, whenever by the terms of the whole lease it does end, that the lessee is to surrender the possession.

The learned judge was a little incautious in affirming plaintiff's second point with the remark that the payment of the first month's rent for the new year was an affirmance of the lease for such year. It was evidence of affirmance, but was open to explanation to show that such was not the actual intention. The error, however, did appellants no harm. They were liable on the terms of the lease and the admitted facts, and none of the evidence offered and excluded would have varied their liability.

Judgment affirmed.