# Richard Ashhurst et al., Appellants, *v.* Eastern Pennsylvania Phonograph Co.

*Landlord and tenant—Lease—Surrender.*

In an action for rent, an averment of the surrender of the lease is unavailing without the further averment of an acceptance of it by the lessor.

*Lease—Termination of term—Notice—Holding over.*

A lease having provided for "the term of one year" continued as follows: "It is hereby further agreed that if the lessee shall hold over after the expiration of the term hereby created, with the consent of the lessors, it shall be deemed and taken to be a renewal of this lease and all terms, conditions, covenants, and provisos herein contained, for the term of another year and so on if the possession is still continued with like consent, after the expiration of this additional year, from year to year, unless either party shall give three months previous notice to the other of an intention to determine the tenancy at the end of any year." *Held*, that three months' notice to end the tenancy was not required either in the first or second year, but that the provision as to notice applied only to tenancies arising from a holding over after the expiration of the additional year.

Argued Jan. 30, 1895. Appeal, No. 203, July T., 1894, by plaintiffs, from order of C. P. No. 2, Phila. Co., June T., 1894, No. 177, discharging a rule for judgment for want of a sufficient affidavit of defence. Before GREEN, WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Assumpsit for rent.

From the record it appeared that, on May 12, 1891, defendant took a lease from plaintiff's agent, the material portions of which were as follows:

"This agreement witnesseth that J. M. Gummey & Sons, agents for the estate of Richard Ashhurst, deceased, do hereby let unto the Eastern Pennsylvania Phonograph Company the first floor and basement of the property situate No. 16 South Third street, in the city of Philadelphia, for the term of one year from the fifteenth day of May, A. D. 1891, at the rent of $850 per annum, payable in equal portions monthly on the fifteenth day of each and every month during said term.

"It is hereby further agreed that if the lessee shall hold over after the expiration of the term hereby created, with the con-

sent of the lessors, it shall be deemed and taken to be a renewal of this lease and all terms, conditions, covenants, and provisos herein contained, for the term of another year and so on if the possession is still continued with like consent, after the expiration of this additional year, from year to year, unless either party shall give three months' previous notice to the other of an intention to determine the tenancy at the end of any year. Provided also, that if the lessors in their option so elect, the failure of the lessee to give said notice of its desire to determine said tenancy shall be deemed and taken to be such a renewal."

At the end of the second year defendant vacated the premises without having given any notice. Plaintiff claimed rent for the year beginning May 15, 1893.

The affidavit of defence averred that: "defendant elected, to and with the consent of the plaintiffs, to hold over for the term of another additional year, but that before the expiration of said additional year, to wit, on the fourteenth day of May, 1893, the defendant company, having paid the rent in full for said additional year, surrendered possession and delivered the keys of the premises occupied by it to the plaintiffs, and the said defendant company has not, since that day, used, occupied, or enjoyed any part of the demised premises, and there is not, nor ever has been owing to the plaintiffs any sum or sums of money for rent of said premises, or upon any account whatsoever."

The court discharged a rule for judgment for want of a sufficient affidavit of defence.

*Error assigned* was above order.

*R. H. Bayard Bowie* and *Rowland Evans*, for appellants, cited: Auer v. Penn, 99 Pa. 370; Teller v. Boyle, 132 Pa. 56; DeMorat v. Falkenhagen, 148 Pa. 393.

*Henry C. Terry*, for appellee, cited: McCanna v. Johnston, 19 Pa. 434; MacGregor v. Rawle, 57 Pa. 184; Harding v. Seeley, 148 Pa. 20; Dann v. Spurrier, 3 B. & P. 399; Hersey v. Giblett, 18 Beav. 174.

OPINION BY MR. JUSTICE McCOLLUM, Feb. 18, 1895:

Does the affidavit contain a good defence to the action? The

answer to this question depends entirely upon the construction of the lease, because the portion of the affidavit which relates to the surrender of the demised premises is clearly insufficient to prevent judgment.   An averment of the surrender is unavailing without the further averment of an acceptance of it by the lessor: Teller v. Boyle, 132 Pa. 56.   The real question therefore is whether the provision in the lease in regard to notice of an intention to determine the tenancy applies to each year of the lessee's occupancy of the demised premises or is limited to his possession of them after the expiration of the additional year mentioned therein.   This provision is somewhat obscure and confusing, but there is no room in it for a construction which dispenses with notice the first year and requires it to be given in order to terminate the tenancy at the end of the second or "additional year."   If the lessors could have dispossessed the lessee at the end of the first year without having given three months' previous notice of their intention to determine the tenancy at that time, we see no good reason why they could not have done so at the end of the second year, and if the rights and obligations of the parties were mutual in this respect, it follows that the lessee was at liberty to surrender the premises at the expiration of either year without having given such notice, or incurring further liability under the lease. It appears to be conceded by the appellants that notice was not necessary to determine the tenancy at the end of the first year, and so far we agree with them.   The second term of one year was not founded upon a failure to give the three months' notice before the expiration of the preceding term, but upon a holding over by the lessee with the consent of the lessors.   It seems to us that the rights and obligations of the parties were the same the second year as the first, and that the provision in respect to notice is applicable only to tenancies arising from a holding over after the expiration of the "additional year."   It being conceded that the notice clause was not operative the first year, the contention based on its concluding words "any year" loses its significance and becomes unimportant.   This construction gives effect to the words "after the expiration of this additional year," while the construction which makes the notice clause applicable to that year ignores them.

, Judgment affirmed,