# Francis O. Megargee et al. v. Gilbert A. Longaker et al., trading as the Longaker, Prentice Company, Appellants.

*Landlord and tenant—Notice—Effect of holding over—Estoppel—Eviction.*

Where a lease provides for a continuance of the term from year to year, in the absence of three months' notice on either side, the tenants are bound for the additional term, upon failure to give such notice, as effectively as if they had formally entered into a new lease for that period.

Having accepted the additional term with a full knowledge of the manner in which the building could be used the tenants cannot escape liability by showing that, when it was too late, they gave notice that they would vacate the premises not at the end of the term, but at a date one month after the new term had commenced to run. They are estopped from alleging, as eviction, acts of the landlord which took place prior to the time when notice of intention to terminate could have been given.

Argued Dec. 14, 1898. Appeal, No. 164, Oct. T., 1898, by defendants, from judgment of C. P. No. 1, Phila. Co., June T., 1898, No. 419, in favor of plaintiffs for want of a sufficient affidavit of defense. Before RICE, P. J., ORLADY, SMITH, W. W. PORTER and W. D. Porter, JJ. Affirmed. Opinion by W. D. PORTER, J.

Rule for judgment for want of a sufficient affidavit of defense. Before the court in banc.

It appears from the evidence that plaintiffs claimed certain rent due amounting to $200, and that defendants held under a lease which expired March 1, 1898, provided the tenant gave three months' written notice of his intention to determine the lease or otherwise to remain in force for another year on the same terms. Defendants set up in their affidavit that they had

been obliged to move into another building in February, 1898, by reason of certain acts and notices of the landlord which they claimed amounted to an eviction. It appears, however, from the affidavit that defendants had notice of the acts complained of more than three months prior to the termination of the term and that no notice of such intention to terminate was given prior to three months of the termination of the term.

Other facts appear in the opinion of the court.

Judgment for plaintiffs for want of a sufficient affidavit of defense for $200 and interest. Defendants appealed.

*Error assigned* among others was in making absolute rule for judgment for want of a sufficient affidavit of defense.

*Julius C. Levi,* for appellants.—In the case at bar the defendants were notified to reduce the rate of speed of their machines on account of the danger in the operation thereof, and were directed further to remove them from the building. This notice under the authorities would seem to be a constructive eviction, and whether or not it was sufficient is a question of fact for the jury: Foa on Landlord and Tenant (2d ed.), p. 136, citing also Wood on Landlord and Tenant (2d ed.), 1096; Tiley v. Moyers, 43 Pa. 404; Wood on Landlord and Tenant, 1103; Hoeveler v. Fleming, 91 Pa. 322; Doran v. Chase, 2 W. N. C. 609; Whitaker v. Read, 9 W. N. C. 144; Friend v. Oil Well Supply Co., 165 Pa. 652; Cowie v. Goodwin, 9 C. & P. 378; Cohen v. Dupont, 1 Sand. N. Y. Superior Ct. 260; Sherman v. Williams, 113 Mass. 481.

*Eugene C. Bonniwell,* for appellees.—The judgment entered herein should be sustained for the following reasons:

The affidavit filed is not a clear, concise, specific denial of the facts alleged in plaintiffs' statement nor are the matters relied on for defense set out with the definiteness required.

Plaintiffs averred that defendants had occupied one floor of the demised premises two years and five months and the other floor fourteen months. Defendants admit this.

Plaintiffs further pointedly and specifically allege " defendants . . . . have continued in possession of said premises . . . . and do still so continue."

Here is an open charge of continued possession on the part of defendants. This fact is not denied in any manner or form by defendants nor do defendants even allege that they surrendered possession of the said premises at any time. The affidavit is skilfully drawn to give the impression that defendants' occupancy of said premises was interfered with and that they removed therefrom in consequence of said interference, yet it is submitted to the court that it cleverly avoids any specific statements of fact.

The case for the consideration of the court is so beyond even the most extreme decisions that counsel for appellants can cite no parallel. Defendants admit the premises in question were suited and fit for their business when they rented them, for they occupied one floor for nearly two years without question and the other for eight months. The alleged defense simply presents these alternatives : If the act which the landlord complained of was illegal and dangerous, it was their duty to desist; if it was not illegal or dangerous they need pay no attention to the landlord's request. In either case no act was committed or threat made that could be construed into an eviction.

To sum up : the affidavit in this case is hopelessly bad because it is wanting in clearness, is evasive and indefinite. It does not meet the allegations of the declaration, does not deny continued possession, does not set out notice relied on, does not charge an eviction or any acts constituting one. It is baseless in law, because there is no case cited in England or the United States wherein a constructive eviction was sustained that did not show some physical interference either with the premises or the tenants' enjoyment thereof.

OPINION BY W. D. PORTER, J., July 28, 1899 :

The defendants operated a printing establishment, and, from October 15, 1895, to January 30, 1897, had used, for the purposes of their business, the fourth floor of a building owned by plaintiffs. By the covenants of the lease each of the parties had become bound for a term to expire on March 1, 1898. The parties, on January 30, 1897, executed an additional lease, under the terms of which the defendants became tenants of the fifth floor, also, for a term to expire on March 1, 1898, the same date with the expiration of the term under the lease for

the fourth floor. Each of the leases contained a covenant which provided that, from and after March 1, 1898, the lease should continue in full force and effect from year to year, unless either party should have given three months' written notice to the other party before the end of the original or any future term of their intention to determine the tenancy. The defendants occupied both floors for the purposes of their business after February 1, 1897, and no notice was given by either party, on or before December 1, 1897, of an intention to terminate the tenancy on March 1, 1898, the end of the then current term. The defendants continued to hold the premises after the expiration of the term and paid the rent for the fourth floor up to April 15, 1898, and for the fifth floor up to the first of the same month. All the foregoing recitals of fact are set forth in the statement and affidavit of claim and no attempt at denial is made in the affidavit of defense. The statement and affidavit of claim further set forth that the defendants had remained in possession of the premises, as tenants of plaintiffs, and continued so to do at the time of the commencement of this action, on June 10, 1898. This last allegation of fact is not specifically denied by the affidavit of defense, which attempts an evasive denial, by asserting that they (defendants) rented another building and moved into it during the month of February, 1898, but does not assert that they had vacated or surrendered possession of the premises described in the lease. The affidavit of defense alleged by way of excuse for refusal to pay rent: " That in order to carry on their business it is necessary for defendants to use power for the operation of their presses, of which four were run and operated by power supplied from electric motors. That during the early period of their tenancy the defendants did not use electricity as a motive power, and they introduced it into their business during the spring of 1897. The plaintiffs during the fall of 1897 gave the defendants notice that it would be dangerous for them to operate one of their presses by electricity; that the building was not strong enough to stand the jar and wear and tear resulting from the operation of said press. The plaintiffs ordered the defendants to discontinue the use of said press and directed them to remove it from the building. The plaintiffs also interfered with the defendants in their quiet enjoyment of the use of the demised premises by directing

them, during the fall and winter of 1897 to operate all their presses at a lower rate of speed. That the defendants were operating their presses in a proper and ordinary manner and that, after complying with the demands of plaintiffs, they suffered much loss, damage and inconvenience." "That as soon as defendants could obtain suitable quarters for the proper conduct of their business, they gave notice to plaintiffs in writing of their intention to vacate the premises which are the subject of this controversy, on or before April 1, 1898." The court below made absolute a rule for judgment for want of a sufficient affidavit of defense, which action the defendants assign for error in this appeal.

It is not necessary in this case to consider whether the acts complained of would have amounted to such a wrongful interference with the beneficial enjoyment of the premises as to have constituted an eviction during a current term. The defendants had full notice of the character and capabilities of the building, and the limitations as to the manner of its use imposed by plaintiffs, prior to December 1, 1897. Their affidavit of defense clearly implied such notice and knowledge prior to that date, and we must assume that it states the defense as strongly as conscience would permit. With this knowledge of the defects of the building and the regulations insisted upon by its owners, the defendants were able intelligently to make up their minds, on December 1, 1897, as to whether, or not, they would accept the building for an additional term of one year, from March 1, 1898, under the terms of the leases. If they desired to avoid liability for the rent for such additional year, it was incumbent upon them, under the covenants of the leases, to give written notice to the plaintiffs, on or before December 1, 1897, of their intention to terminate the tenancy at the end of the current term, and a failure to give such notice was as effective to bind them, for the additional term, as if they had formally entered into a new lease for that period : Wilcox v. Montour Iron Co., 147 Pa. 540 ; Lane v. Nelson, 167 Pa. 602 ; Gardiner v. Bair, 10 Pa. Superior Ct. 74.

Having accepted the additional term, with full knowledge of the manner in which the building could be used, the defendants cannot escape liability for the rent, by showing that, when it was too late, they gave notice that they would vacate the

premises, not at the end of the current term, but at a date one month after the new term had commenced to run.  The specifications of error are dismissed.

Judgment affirmed.