# Stiles *v.* Himmelwright.

*Landlord and tenant—Lease—Covenants—Notice—Term—Holding over.*

A lease creating a definite term of one year from April 1, 1894 to April 1, 1895, contained the following covenant : " The said lessees shall give three months' notice previous to the expiration of said term of their intention to remove. . . . In default of notice as aforesaid this agreement shall be considered as renewed for the succeeding term of one year." The lessees occupied the premises until April 1, 1899, and on that day moved out without having given any previous notice to the lessor. *Held,* that the covenant applied only to the original term, and that the lessees were not required to give three months' notice of their intention to quit on April 1, 1899.

*Landlord and tenant—Judgment—Separate suits.*

A judgment by a landlord against his tenant showing a recovery for one month, is not a bar to a suit upon the lease for the rent accruing during the following months. A landlord may bring a separate suit for each instalment of rent as it accrues.

Argued Dec. 7, 1900. Appeal, No. 198, Oct. T., 1900, by defendant, from judgment of C. P. Lehigh Co., Jan. T., 1900, No. 21, on verdict for plaintiffs in case of Harry G. Stiles v. John K. Himmelwright and Milton T. Kline, trading as J. K. Himmelwright & Company. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Appeal from judgment of a justice of the peace. Before AL-BRIGHT, P. J.

The facts appear by the opinion of the Superior Court.

The court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff for $52.04. Defendants appealed.

*Error assigned* was in directing judgment for plaintiff.

*James S. Biery*, with him *Frank Jacobs*, for appellants.—No notice was required under the lease: Ashhurst v. Eastern Penna. Phonograph Co., 166 Pa. 357; Wilcox v. Montour Iron & Steel Co., 147 Pa. 540; Diller v. Roberts, 13 S. & R. 60; Laguerenne v. Dougherty, 35 Pa. 45; Pollman v. Morgester, 99 Pa. 611; Smith v. Pringle, 100 Pa. 275; Hugh's v. Lillibridge, 8 Pa. Dist. Rep. 358.

The action brought by the ·plaintiffs against the defendants on this same lease for one month's rent from April 1 to May 1, 1899, which had been prosecuted to judgment in the court below, is a bar to the maintainence of this action: Eisenhower v. School District of Centralia, 13 Pa. Superior Ct. 51; Buck v. Wilson. 113 Pa. 423; Brenner v. Moyer, 98 Pa. 274; Hess v. Heeble, 6 S. & R. 57; Hill v. Joy, 149 Pa. 243.

*R. E. Wright*, of *Wright Bros.*, with him *Harry G. Stiles*, for appellees.—When there is a holding over under a lease by a failure to give a notice on which its termination depends, the holding over is on all the terms and conditions of the existing lease, except such as in their nature could be applicable to the continuing terms: Webster v. Nichols, 104 Ill. 160; Clinton Wire Cloth Co. v. Gardner, 99 Ill. 151; Clapp v. Noble, 84 Ill. 62; McKinney v. Peck, 28 Ill. 174; Schuyler v. Smith, 51 N. Y. 313; Park v. Castle, 19 Howard Prac. Rep. 29; Bacon v. Brown, 9 Conn. 334; Clarke v. Howland, 85 N. Y. 204; Laughran v. Smith, 75 N. Y. 210; Tolle v. Orth, 39 Am. Rep. 147; DeYoung v. Buchanan, 32 Am. Dec. 156; Diller v. Roberts, 13 S. & R. 60; Phillips v. Monges, 4 Wharton, 228; Laguerenne v. Dougherty, 35 Pa. 45; McBrier v. Marshall, 126 Pa. 390; Gardiner v. Bair, 10 Pa. Superior Ct. 74; Megargee v. Longaker, 10 Pa. Superior Ct. 491; Schuyler v. Smith, 10 Am. Rep. 609; Smith v. Snyder, 168 Pa. 541; Harvey v. Gunzberg, 148 Pa. 294; Wilcox v. Montour Iron & Steel Co., 147 Pa. 540.

OPINION BY W. D. PORTER, J., April 16, 1901:

The defendants went into possession of certain real estate on April 1, 1894, under a lease bearing date March 29, 1894, for

the term of one year ending April 1, 1895. They continued in possession, after the expiration of the original term, and finally moved out on April 1, 1899. The plaintiffs had succeeded to the title of the original lessor by descent, and were entitled to all the rights of the landlord under the lease. The defendants had paid the rent for the five years during which they continued to occupy the premises. This action involves the question of the liability of the defendants for the rent during the year beginning April 1, 1899. The plaintiffs did not allege that the defendants occupied the premises for any part of said year, and the assertion of liability for the rent is not based upon an actual holding over after the expiration of the preceding term. The plaintiffs relied upon the express covenants of the lease, and the failure of the defendants to give notice three months prior to the end of the term of their intention to quit on April 1, 1899.

The lease, dated March 29, 1894, creates a definite term of one year, from April 1, 1894, to April 1, 1895, at the rent of $100 per annun. The covenant of the lease, which is now material, is in these words, viz : " The said lessees shall give three months' notice previous to the expiration of said term of their intention to remove, and three months' notice previous to the expiration being given to them to quit the premises, they shall, at the expiration thereof, deliver unto the said lessor or his assigns, peaceable possession of the same, in the same order and condition as when they took possession thereof, common wear and unavoidable accidents by fire excepted. In default of notice as aforesaid, this agreement shall be considered as renewed for the succeeding term of one year." It is admitted that the defendants did not give notice of their intention to remove until in February, 1899, less than three months prior to the expiration of the then current term. It is contended by the plaintiffs that this case falls within the class of cases of which Wilcox v. Montour Iron & Steel Co., 147 Pa. 540, Lane v. Nelson, 167 Pa. 602, Gardiner v. Bair, 10 Pa. Superior Ct. 74, and Megaree v. Longaker, 10 Pa. Superior Ct. 491, are examples. The liability of the defendants—in the cases cited—did not arise as an incident of tenancy from year to year, but from the express covenants of the leases in the several cases. In all of these cases there was a continuing covenant that the lessee,

however long he might occupy the premises, should give notice three months prior to the end of any year with which he intended to terminate his tenancy. When a tenant for years does not incur a liability for the rent of an additional year by holding over after the expiration of his term, the landlord who would collect rent after his tenant has ceased to occupy the premises is dependent upon the covenants of the lease. It is within the power of the parties to such a contract to stipulate that the lessee shall be required to give notice of his intention to remove three months prior to the end of any specific year, or three months prior to the end of any year, and in default of such notice that he shall pay rent for an additional year. The tenant may be exempted from the necessity of giving notice prior to the end of the first and second years, and may be required to give notice prior to the end of any subsequent year: Ashhurst v. Eastern Pennsylvania Phonograph Co., 166 Pa. 357. The liability is not an incident of the tenancy from year to year, but is founded in contract.

We are constrained to hold that the covenant here in question applied only to the original term. The term created by the lease was only one year; the lessees were required to give three months' notice " previous to the expiration of said term of their intention to remove." The consequence of the failure to give such notice was that the agreement, to lease and to pay rent, was to be considered as renewed for the succeeding term of one year. This was a definite covenant with regard to the particular term, and there is nothing in the lease which would warrant us in holding that that covenant was to be carried forward from year to year.

The learned judge of the court below was undoubtedly correct in holding that the judgment showing a recovery for the month of April was not a bar to a suit upon the lease for the rent accruing during the following months. A landlord may bring a separate suit for each instalment of rent as it accrues, he is only bound to bring his suit for all the instalments which have accrued at the time of the bringing of his action. The first and second assignments of error are sustained.

The judgment is reversed.