# Baxter, Appellant, *v.* Maull.

*Landlord and tenant—Lease—Privilege of renewal—Construction—Notice by tenant of intention to surrender.*

In an action by landlord to recover rent, the plaintiff averred that the defendant occupied his house for two years under written lease and then moved without giving notice; that the second year's occupation was "with the consent of the plaintiff," but that her removal was without having given "three months' notice," as required in the lease.

The renewal clause in the lease provided as follows: "Seventh, If the lessee shall continue in the occupation of the said demised premises after the expiration of the term hereby created with the consent of the lessor, it shall be deemed a renewal of this lease, and of all the covenants, terms and condition herein contained for the term of another year, and so on from year to year, until the lease is terminated by either party hereto giving to the other not less than three months' written notice for removal prior to the expiration of the then current term." *Held,* that the tenant was entitled to remain on the premises during the second year under the same terms and conditions as the first year, and that she was under no obligation to give three months' notice of her intention to vacate at the end of the second year. Her tenancy was a holding over with the consent of the landlord and not by reason of failure to give notice. Ashhurst et al. v. Eastern Pennsylvania Phonograph Co., 166 Pa. 357, followed.

PORTER and HEAD, JJ., dissent.

Argued October 4, 1920. Appeal, No. 163, Oct. T., 1919, by plaintiff, from judgment of Municipal Court of Philadelphia, May T., 1916, No. 498, in favor of defendant on motion for want of a sufficient statement of claim in the case of Thomas E. Baxter v. Emma M. Maull. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Assumpsit on a written lease. Before BARTLETT, J.

Rule for judgment for want of sufficient statement of claim.

The opinion of the Superior Court states the case.

The court made absolute the rule.   Plaintiff appealed.

*Error assigned,* among others, was the order of the court.

*A. W. Horton,* for appellant, cited:  MacGregor v. Rawle, 57 Pa. 184; Gardiner v. Bair, 10 Pa. Superior Ct. 74.

*J. L. Wethcrill,* of *White & Wetherill,* for appellee, cited: McCanna v. Johnson, 19 Pa. 434; Greenleaf v. Haberacker, 1 Woodward 436; Brown v. Brightly, 14 W. N. C. 497; Thompson v. School Dist., 48 Pa. Superior Ct. 607; Ashhurst v. Phonograph Co., 166 Pa. 357; Cannon v. Keystone Company, 73 Pa. Superior Ct. 53.

OPINION BY LINN, J., November 8, 1920:

This is a suit to recover rent.   Judgment was entered against plaintiff for want of a sufficient statement of claim.   He avers that defendant occupied his house two years under a written lease and then moved without giving notice; that the second year's occupation was "with the consent of the plaintiff," but that her removal was without having given "three months' written notice prior to October 8, 1915, the expiration of the then current term, of her intention to terminate the lease and remove from the premises"; and that the failure to give such notice rendered her liable for a third year's rent. Accordingly, after a third year, plaintiff brought this suit for another year's rent less what he received for part of the year from another tenant obtained by him.

The premises were demised "for the term of one year from the eighth day of October, A. D. 1913, at the monthly rent of seventy-five dollars......" The lease also provided: "Seventh. If the lessee shall continue in the occupation of the said demised premises after the expiration of the term hereby created with the consent of

the lessor, it shall be deemed a renewal of this lease, and of all the covenants, terms and conditions herein contained for the term of another year, and so on from year to year until the lease is terminated by either party hereto giving to the other not less than three months' written notice for removal prior to the expiration of the then current term; provided, however, that if the lessor shall have given three months' written notice prior to the expiration of any term of intention to change the conditions of this lease, and the lessee shall hold over after such notice, he shall be considered lessee under the terms and conditions mentioned in such notice, for a further term of one year and until this lease is terminated by notice, or otherwise, as herein provided. Leaving notice upon the premises shall be a sufficient service thereof."

Notice of intention to remove at the end of the first year was unnecessary: MacGregor v. Rawle, 57 Pa. 184; was such notice necessary to terminate the lease at the end of the second year?

The averment is that "after the expiration of the term" of one year first specified in the lease, the tenant remained a second year pursuant to plaintiff's consent that defendant should so remain "for the term of another year." Plaintiff now contends that this second definite term of one year was not based upon that consent, but was based on the failure to terminate the relation of landlord and tenant "by either party hereto giving to the other not less than three months' written notice for removal prior to the expiration of the then current term" (supra).

We agree with the learned court below that notice was not necessary prior to the end of the second term and that the case is ruled by Ashhurst v. Phonograph Co., 166 Pa. 357, where premises were demised "for the term of one year" with the provision, "It is hereby further agreed that if the lessee shall hold over after the expiration of the term hereby created, with the consent of the

lessors, it shall be deemed and taken to be a renewal of this lease and all terms, conditions, covenants and provisos herein contained, for the term of another year and so on if the possession is still continued with like consent, after the expiration of this additional year, from year to year, unless either party shall give three months' previous notice to the other of an intention to determine the tenancy at the end of any year. Provided also, that if the lessors in their option so elect, the failure of the lessee to give said notice of its desire to determine said tenancy shall be deemed and taken to be such a renewal." The following interpretation of that provision by the Supreme Court is controlling here: "The real question therefore is whether the provision in the lease in regard to notice of an intention to determine the tenancy applies to each year of the lessee's occupancy of the demised premises or is limited to his possession of them after the expiration of the additional year mentioned therein. This provision is somewhat obscure and confusing, but there is no room in it for a construction which dispenses with notice the first year and requires it to be given in order to terminate the tenancy at the end of the second or 'additional year.' If the lessors could have dispossessed the lessee at the end of the first year without having given three months' previous notice of their intention to determine the tenancy at that time, we see no good reason why they could not have done so at the end of the second year, and if the rights and obligations of the parties were mutual in this respect, it follows that the lessee was at liberty to surrender the premises at the expiration of either year without having given such notice, or incurring further liability under the lease. It appears to be conceded by the appellants that notice was not necessary to determine the tenancy at the end of the first year, and so far we agree with them. The second term of one year was not founded upon a failure to give the three months' notice before the expiration of the preceding term, but upon a holding over by the lessee

with the consent of the lessors. It seems to us that the rights and obligations of the parties were the same the second year as the first, and that the provision in respect to notice is applicable only to tenancies arising from a holding over after the expiration of the 'additional year.' It being conceded that the notice clause was not operative the first year, the contention based on its concluding words 'any year' loses its significance and becomes unimportant. This construction gives effect to the words 'after the expiration of this additional year,' while the construction which makes the notice clause applicable to that year ignores them."

Judgment affirmed.

DISSENTING OPINION BY PORTER, J.:

The determination of the question raised by this appeal is dependent solely upon the construction of the covenants of a written contract. The lease, in its first paragraph, was for a definite term of one year, and the covenants fixing the rights of the parties in case the tenant continued to occupy the premises after the expiration of that term are contained in the seventh paragraph, which is as follows:

"Seventh—If the lessee shall continue in the occupation of the said demised premises after the expiration of the term hereby created, with the consent of the lessor, it shall be deemed a renewal of this lease, and all the covenants, terms and conditions herein contained for the term of another year and so on from year to year until the lease is terminated by either party hereto giving to the other not less than three months' written notice for removal prior to the expiration of the then current term."

The learned judge of the court below held that this covenant did not require the defendant to give three months' notice of her intention to remove from the premises at the end of the second year and upon that ground entered judgment in favor of the defendant. This court

now affirms that judgment, from which conclusion I am constrained to dissent.

The purpose of the introduction of a covenant that, when a tenant holds over or continues to occupy the premises after the expiration of a term certain, the contract shall continue in force for another year, and so on from year to year, was commented upon by Judge SHARSWOOD, whose opinion was adopted by the Supreme Court in MacGregor v. Rawle, 57 Pa. 184. "It was meant for the benefit of the tenant, and to protect him from the operation of the rule established in Hemphill v. Flynn, 2 Barr 144, where it was held that if the tenant holds over after the expiration of a term certain, the landlord at his election, before receiving rent, can treat him as a trespasser or tenant, but it is not competent for the tenant to elect himself to be a trespasser, to move out whenever he pleases, and pay rent only for the time he occupies." It was there held that, under a lease containing such a covenant, the landlord was not required to give three months' notice prior to the expiration of the term certain; that it was sufficient if he demanded possession on or before the day the term expired, but, in the absence of such demand, if the tenant continued in possession, he could not be turned out by the landlord until the end of a year, and then only on three months' previous notice, "in other words, he became a tenant from year to year." When the covenant merely provides that a tenant holding over shall hold for another year and so on from year to year, without saying anything about notice by the tenant of his intention to remove, the tenant is not required to give such notice, although, in such a case, the landlord must give three months' notice to quit, in case it has become a tenancy from year to year. When, however, the lease contains a covenant that if the lessee shall continue in the occupation of the premises after the expiration of the term certain, it shall be deemed a renewal of the lease for the term of another year and so on from year to year, until

the lease is terminated by either party thereto giving to the other not less than three months' notice for removal prior to the expiration of the then current term, the purpose of such a covenant is to put the landlord and the tenant on equal footing, with regard to notice, so that the former shall know a reasonable time before the end of the year whether he must seek another tenant, and the tenant shall know whether he must seek another habitation: Lane v. Nelson, 167 Pa. 602. That is the character of the covenant with which we are dealing in this case. If this defendant had the right to abandon the premises without notice at the end of the second year, without rendering herself liable for the rent for the year following, then the plaintiff had the right to expel her from the premises at the end of that second year without giving her any previous notice.

This defendant did hold over, continue in the occupation of the premises, after the expiration of the term certain created by the lease, and such occupancy during that second year was subject to the covenant above quoted. If the provision of the covenant requiring each of the parties to give notice of an intention to terminate the tenancy at the end of the then current term did not apply to the first year during which she held over (the second of the tenancy), when was that provision to take effect? The purpose of the covenant was to define the rights of the parties in the event of a holding over after the term certain and the time during which it was to be effective was "for the term of another year and so on from year to year until the lease is terminated by either party hereto giving to the other not less than three months' written notice for removal prior to the expiration of the then current term." The words "and so on from year to year," constitute a short mode of repeating the previous sentence indefinitely. Written out in full, the time during which the covenant was to be enforced, would be, and from and after the expiration of the second term hereby created, this lease shall be deemed to

be renewed and in force for another year, and, again repeating the same language for a fourth, a fifth, and as many years as the parties chose to specify, each sentence of the kind being still a covenant absolute for another year. That it should be a covenant absolutely indefinite as to time was not, however, the intention of the parties, and so they added the condition of defeasance, "until the lease is terminated by either party hereto giving to the other not less than three months' written notice for removal prior to the expiration of the then current term." It is important to keep in mind the purpose of the introduction of this covenant, that it was to fix the rights of the parties in the event of a holding over after the expiration of the term certain. It provided for another year and so on from year to year. The manifest intention was to provide for a general tenancy from year to year, subject to the covenants of the lease. The entire covenant is embraced in a single sentence. "Grammatically the condition of defeasance is applicable to all the prior clauses of the sentence, and there is nothing to indicate the intention of the parties to restrict such application": Wilcox v. Montour Iron & Steel Co., 147 Pa. 540.

This case is, in my opinion, distinguishable from Ashhurst v. Phonograph Co., 166 Pa. 357. In that case the time during which the covenant was to be effective was thus defined by the lease:

"If the lessee shall hold over after the expiration of the term hereby created, with the consent of the lessors, it shall be deemed and taken to be a renewal of this lease and all the terms, etc., herein contained, for the term of another year and so on, if the possession is still continued with like consent, after the expiration of this additional year, from year to year, unless either party shall give three months' previous notice to the other of an intention to terminate the tenancy at the end of any year."

The court held, in that case, that the covenant requiring notice to be given of an intention to terminate the tenancy could not be applied to the first year of the holding over without ignoring the words contained in the covenant "after the expiration of this additional year," and that to give effect to those words the requirement as to notice must be held to apply to the years subsequent to that "additional year." Those words were held to indicate the intention of the parties to restrict the application of the covenant, and there is no conflict between that decision and the language of Mr. Justice MITCHELL, who spoke for the court in Wilcox v. Montour Iron & Steel Co., supra. There is nothing in the lease with which we are now dealing to indicate the intention of the parties to restrict the application of the covenant to any particular year or exempt from its operation any year during which the defendant occupied the premises after the expiration of the term certain. The conclusion of the court below cannot be sustained without reading into the covenant something which the parties did not put there. The defendant was, after the expiration of the term certain, a tenant from year to year, and under the covenants of her lease was required to give three months' notice of her intention to terminate the tenancy at the end of any current year.

The judgment should, in my opinion, be reversed and the record remitted for further proceedings.

HEAD, J., concurs in this dissenting opinion.