## Abbott v. Cushman's Sons, Inc., Appellant.

110

Argued December 15, 1937.

Before KELLER, P. J., CUN-NINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Samual A. Goldberg,* with him *Wolf, Block, Schorr & Solis-Cohen,* for appellant.

*William Jay Leon,* for appellee.

OPINION BY STADTFELD, J., January 27, 1938:

This is a suit in assumpsit to recover rent. Judgment was entered against the defendant on a rule for judgment for want of a sufficient affidavit of defense. This appeal followed.

On June 30, 1932, the appellee, in writing, leased

certain premises to appellant for a term of three years beginning July 1, 1932. The terms of the said lease provided that appellant pay $85 per month during the first year and $100 per month during the remaining two years. Neither party to the lease gave notice to terminate and therefore the lease continued upon the same terms and conditions for a further period of one year from July 1, 1935, the appellant continuing to pay $100 per month excepting during the months of June, July and August, 1935, when appellee permitted an abatement of $25 per month on the rent. On April 29, 1936, appellant gave written notice to appellee of its intention to terminate said lease and removed from premises on June 1, 1936, having paid up its rent until June 30, 1936.

The relevant portion of the lease involved is as follows: "It is hereby mutually agreed that either party hereto may determine this lease at the end of the said term, or any renewal thereof, by giving the other written notice thereof at least *ninety* days prior thereto, but, in default of such notice, this lease shall continue upon the same terms and conditions as are herein contained for a further period of *one year* and so on from *year* to *year* until terminated by either party hereto giving to the other ...... written notice for removal previous to the expiration of the then current term of this lease, provided, however, if the lessor shall have given *ninety days* written notice previous to the expiration of any term hereby created of the lessor's intention to change the terms and conditions of this lease, and the lessee shall hold over after the expiration of the time mentioned in such notice lessee shall be considered lessee under the terms and conditions as mentioned in such notice for such further period as lessee may remain in possession of the premises." (blank space in lease. Italic words are the written words.)

Appellee contends that appellant should have given

ninety days notice of intention to terminate the lease and that the notice which appellant gave on April 29, 1936 (approximately sixty days before the expiration date of the continued lease) was insufficient and that the lease continued in full force and effect until July 1, 1937.

Appellant contends that only at the end of the original term, or a renewal of the original term, was ninety days notice required, and that the lease required mere written notice without any particular period of days in order to terminate it at the end of the continued term, and that having given sixty days written notice, such notice was timely.

We are concerned here with the one year term immediately following the original three year term, viz., from July 1, 1935, to June 30, 1936. The sole question to be determined is how much notice was appellant required to give, and appellee entitled to receive, prior to the end of the one year term immediately following the original three year term in order to terminate the lease at the end of the continued term on June 30, 1936. The answer will establish whether or not appellant is liable for rent for the further period of one year under an additional continuance of the lease due to untimely notice of termination during the first extension.

With reference to the one year term under consideration, is the period of required notice to be governed by the provision applying to the original three year term, or is it to be governed by the provision applying to the yearly terms immediately following this additional one year term? If the former is the case, then clearly ninety days written notice is necessary; if the latter is correct then the intention of both parties must be determined with reference to the period of written notice required, no time being specified and the space therefor being left blank.

The question of the controlling provision is purely

one of construction, the object of which is to ascertain the intention of the parties as gathered from the relevant portions of the entire instrument: *Lane v. Nelson,* 167 Pa. 602, 31 A. 864. It is significant to point out that the one year term arises as a continuance, "upon the same terms and conditions" of the original three year term, which provides for ninety days written notice. Unless, therefore, these "terms and conditions" are modified with respect to the notice period by the subsequent blank notice provision relating to the year to year terms following the one year term under consideration, it is manifest that the ninety day written notice provision of the original term governs in a like manner, with respect to termination, the immediately following one year term, with which we are concerned.

The case of *Baxter v. Maull,* 75 Pa. Superior Ct. 168, in which an allocatur was refused by the Supreme Court, was cited by appellant. We regard this case as controlling—in appellee's favor. There the premises were demised for the term of one year and the lease provided that "If the lessee shall continue in occupation of the said demised premises after the expiration of the term hereby created with the consent of the lessor, it shall be deemed a renewal of this lease, and of all the covenants and conditions herein contained for the term of another year, and so on from year to year until the lease is terminated by either party hereto giving to the other not less than three months' written notice for removal prior to the expiration of the then current term." The tenant remained in possession for the original term of one year and the second year, which was the first renewal year, and then moved out, without giving any notice. We held there in the majority opinion by LINN, J., that the tenant was entitled to remain on the premises during the second year under the same terms and conditions as the first year, and that she was under no obligation to give three months'

notice of her intention to vacate at the end of the second year. The lease was construed to mean that, there being no requirement in the lease for notice at the end of the original term, no notice was required for the one year following immediately thereafter and that the three months' written notice provision applied only during and after the third year when the lease began running on from year to year. The opinion, quoting from the case of *Ashhurst v. Phonograph Co.* 166 Pa. 357, 31 A. 116, stated at p. 172: " 'It seems to us that the rights and obligations of the parties were the same the second year as the first, and the provision in respect to notice is applicable only to tenancies arising from a holding over after the expiration of the "additional year." ' "

In the instant case, the original term required ninety days' written notice and the following one year term arose as a continuance "upon the same terms and conditions." We are required to follow the decision in *Baxter v. Maull* (supra) and hence conclude that the same provision as to written notice governs both the original term and the one year term following, and that ninety days' written notice was necessary to terminate the lease at the end of the latter term.

It is thus unnecessary for us to ascertain the intention of the parties in regard to the provision of written notice left blank and applying to the yearly terms immediately following this additional one year term, or to determine the period of notice required had appellant sought to terminate the lease in any of the subsequent yearly terms.

Judgment affirmed.